UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THE SATELLITE STORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICK ZAWADZKI, *et al.*, <br><br> Defendants. | CASE NO. 3:21-CV-278-JD-MGG |

**REPORT AND RECOMMENDATION**

On November 22, 2021, this Court took under advisement motions by Defendants' attorneys to withdraw their appearances to afford both the individual defendant, Nick Zawadzki, and the corporate defendant, Wired Technologies, Inc. ("WTI") sufficient time to acquire representation. [DE 37]. Counsel's motions were granted as to Defendant Zawadzki only on December 22, 2021, after the Court finding that Zawadzki intended to represent himself in this matter. [DE 41 at 1]. The motions remained under advisement as to Defendant WTI, however, because a corporate party cannot defend itself before this Court without representation of counsel. [*Id.* at 1–2 (citing *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011)]. The Court further ordered WTI, by its corporate representative Zawadzki, to appear in person before the Court to show cause for refusing to secure new counsel in this matter. [*Id.* at 2].

On January 5, 2022, Zawadzki appeared as ordered for WTI. After discussing issues related to WTI's representation, the Court ordered WTI to secure substitute counsel no later than February 15, 2022. [DE 45]. By March 1, 2022, no new counsel had

entered an appearance for WTI and Zawadzki had filed nothing to explain WTI's failure to comply with the Court's order. Accordingly, the Court ordered WTI, through Zawadzki, "to show cause on or before **March 25, 2022**, as to why sanctions should not be imposed for WTI's lack of compliance with this Court's previous order." [DE 47 at 1]. After warnings in its December 2021 Order and at the January 2022 hearing, the Court explicitly stated:

> This is WTI's last chance. Failure to comply with this order will lead the undersigned to recommend that the presiding judge enter default judgment against WTI as a sanction.

[*Id.* at 1–2].

As of this date, WTI has filed nothing in response to the Court's orders. Therefore, the undersigned can only assume that WTI does not intend to defend against Plaintiff's claims against it. As a result, the Court **GRANTS** counsel's motions to withdraw [DE 35 & 36] as to Defendant Wired Technologies, Inc. Additionally, the undersigned **RECOMMENDS** that the Court enter default judgment against Defendant Wired Technologies, Inc. based upon its failure to comply with Court orders.

> **NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED** this 31st day of March 2022.

s/Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge