UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THE SATELLITE STORE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICK ZAWADZKI, et al., <br><br> Defendants. | Case No. 3:21-CV-278 JD |

## ORDER

On April 22, 2021, Plaintiff The Satellite Store filed a notice of removal against Defendants Nick Zawadzki, Wired Technologies, Inc., and Walmart Inc. (DE 1.) The Court dismissed Walmart from the case on June 22, 2021, in response to a joint motion to dismiss from the parties. (DE 24.) The attorneys for Mr. Zawadzki and Wired Technologies, the remaining defendants, subsequently filed motions to withdraw their appearances and give the defendants time to acquire new counsel. The Court took the motions under advisement. (DE 37.) The Court eventually granted counsel's motions as to Mr. Zawadzki but kept the motions under advisement as to Wired Technologies because a corporate party cannot represent itself before the Court without counsel. (DE 41.) The Court additionally ordered Mr. Zawadzki, Wired Technologies's corporate representative, to appear before the Court to show cause for refusing to secure new counsel. (DE 41 at 2.) Despite Mr. Zawadzki subsequently appearing before the Court as a representative for Wired Technologies and two further orders from the Court directing Wired Technologies to show cause for why it was refusing to obtain counsel, Wired Technologies has not obtained counsel or complied with the Court's orders. Magistrate Judge Gotsch issued a Report and Recommendation in which he recommends that the Court enter a default judgment

against Wired Technologies as a sanction for its failure to comply with the Court's orders. (DE 48.)

Once the magistrate judge files the report and recommendation, a party must file any objections within fourteen days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F. 3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection is made, the court's review is for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The time period for the parties to file objections to the Report and Recommendation has passed and neither party filed any objections, so the Court's review is for clear error. The Court has reviewed the Report and Recommendation and does not find any clear error, so it ADOPTS the Report and Recommendation in its entirety. (DE 48.) The Court further ORDERS that a default judgment be entered against Defendant Wired Technologies, Inc. based upon its failure to comply with the Court's orders.

SO ORDERED.

ENTERED: April 19, 2022

/s/ JON E. DEGUILIO<br>Chief Judge<br>United States District Court